STATE EX REL. NICELY *v.* WILDEY ET AL.

[No. 26,611. Filed October 24, 1935.]

*Montgomery & Montgomery,* for appellant.

*Joseph W. Verbarg, Schnaitter & Perry,* and *William Fitzgerald,* for appellees.

FANSLER, J.—This is an original action by the same relatrix as in cause No. 26,595. The respondent Morris Wildey is the same. The opinion in that case discloses the basic facts involved in this.

It appears from the petition in this case that on the 16th day of July, 1935, the respondent Wildey filed his complaint in the Jennings Circuit Court asking for an injunction against the relatrix and the members of the

advisory board of the township, to prevent relatrix from further acting as trustee of the township, and to prevent the advisory board from meeting with her and recognizing her as the trustee; that a temporary restraining order was issued. The petitioner prays an alternative writ, prohibiting the respondent court from enforcing the restraining order. Upon the filing of the petition, an alternative writ issued.

It is petitioner's theory that a court of equity has no jurisdiction to enjoin a *de facto* officer from functioning as such, and further that a writ should issue to protect the jurisdiction of this court in cause No. 26,595, the State of Indiana on the Relation of Zula Nicely v. Morris Wildey, and the Jefferson Circuit Court of Jefferson county, and Curtis Marshall, as judge of said court.

On the 10th day of July, 1935, six days before the restraining order complained of was issued, this court issued an alternative writ against the Jefferson Circuit Court, prohibiting and restraining it from taking any further action under its judgment of mandate until the further order of this court. From the response in this case, it appears that at the time the restraining order was issued the judge believed that the judgment of the Jefferson Circuit Court, adjudging the respondent Wildey to be the trustee of the township and mandating Nicely to surrender the office and all property pertaining thereto to Wildey, was in full force and effect, and that "by virtue and force of said judgment, said Wildey was the duly elected, qualified and acting township trustee of said township and that the title to said office was not then in dispute." But it is admitted by the respondent Wildey in his response that, although on advice of counsel he was claiming to be the trustee from the 6th day of July, 1935, to the 10th day of Au-

gust, 1935, and performed certain acts during such time as trustee, he did not after the issuing of the writ by this court on the 10th day of August, 1935, act as trustee, nor assert his right to so act. The complaint for injunction upon which the restraining order seems to have been issued is not before us, but we must assume from the response of Wildey that there was no allegation or proof that he was in possession of the office of trustee, and that it did not appear that the relatrix was in possession.

It is well settled that courts of equity have no jurisdiction to oust one officer and install another in office by means of injunction. See *State ex rel. McGovren et al.* v. *Gilkison, Judge, etc.* (1935), 208 Ind. 416, 196 N. E. 231, and cases there cited. The respondents make no contention to the contrary.

We assume that the respondent court was not informed of the writ of prohibition issued by this court on July 10, 1935.

The alternative writ heretofore issued is made absolute.